IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1998 SESSION

**FILED**

August 20, 1998

Cecil W. Crowson
Appellate Court Clerk



| | |
|---|---|
| **SAMUEL L. ADAMS,** | ) |
| | ) C.C.A. No. 01C01-9707-CC-00301 |
| Appellant, | ) |
| | ) Hickman County |
| V. | ) |
| | ) Honorable Cornelia A. Clark, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Habeas Corpus) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Samuel L. Adams, Pro Se
T.C.I.P.
Route 1
Only, TN 37140-9709

John H. Henderson
District Public Defender

Elaine B. Beeler
Assistant District Public Defender
P.O. Box 68
Franklin, TN 37065-0068

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Joseph D. Baugh, Jr.
District Attorney General

Ronald L. Davis
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Samuel Adams, filed a petition for habeas corpus relief in the Hickman County Circuit Court, alleging that his sentences had expired. After a hearing, the court dismissed the petition. The issue on appeal is whether the appellant's sentences have expired, entitling him to relief.

In October 1989, the appellant pled guilty to robbery with a deadly weapon. The offense occurred in April 1982. He was sentenced to ten years in the Department of Correction. The appellant also pled guilty to aiding and abetting second degree murder. He was sentenced to ten years, to run concurrently with his sentence for robbery with a deadly weapon. The appellant began serving his sentence in April 1990. He escaped from custody in September 1991. He was returned to custody in April 1994. The appellant was sentenced to one year for escape, to run consecutively to his two ten-year sentences.

In January 1997, the appellant filed a petition for habeas corpus relief, alleging that his sentences had expired. The appellant argued that both of his ten-year sentences expired at the same time because the court ordered the sentences to run concurrently. The appellant also argued that he thought that he was pleading guilty to the lesser included offense of armed robbery, not robbery with a deadly weapon. He further alleged that when he pled guilty, he was unaware that armed robbery was a Class X felony.

After a hearing, the court dismissed the petition. The court found that the appellant's sentence for aiding and abetting second degree murder had expired because of sentencing credits. The court found that the appellant's conviction of robbery committed with a deadly weapon was a Class X felony. The court found that the applicable law required a defendant who was convicted of a Class X felony to serve his sentence day for day. The court further found

that since the appellant pled guilty in 1989, his ten-year sentence had not expired. With regard to the appellant's claim that he thought that he was pleading guilty to something other than robbery with a deadly weapon, the court held that the voluntariness of the appellant's guilty plea was not a cognizable habeas corpus claim. We affirm the judgment of the trial court in all respects.

Habeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The appellant committed robbery with a deadly weapon in April 1982. Under the statutes in effect at the time of the offense, robbery with a deadly weapon was a Class X felony. Tenn. Code Ann. § 39-3901(c) (Supp. 1981). A sentence for a Class X felony is not subject to reduction for any type of sentencing credit. Tenn. Code Ann. § 39-5403(2) (Supp. 1981). The sentence is not subject to early release. The sentence expires only after service of the entire sentence day for day. Tenn. Code Ann. § 39-5403(3).

As the state argues, the appellant's sentence for robbery committed with a deadly weapon does not expire with his ten-year sentence for aiding and abetting second degree murder because the robbery sentence must be served day for day. The appellant pled guilty to armed robbery in 1989. From the face of the conviction, ten years had not elapsed when he filed his petition in 1997. His sentence had not expired. Moreover, the appellant escaped for over two and one-half years.

Whether the appellant voluntarily pled guilty to robbery committed with a deadly weapon is not a cognizable habeas corpus claim. <u>Archer</u>, 851 S.W.2d at 162-64.

The appellant is proceeding <u>pro se</u> on appeal. We have carefully considered his appellate brief. We find no merit to the appellant's claim that his rights against <u>ex post facto</u> laws have been violated. In this case, such a claim is not a cognizable habeas corpus claim, nor is his claim that the Department of Correction miscalculated his sentence in violation of the law.

The judgment of the trial court is AFFIRMED.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge